## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | |
|---|---|
| TONY GENE LANG, *et al.*, | ) |
| | ) |
|    Plaintiffs, | ) |
| | ) |
| vs. | )    Civ. A. No. 22-0057-JB-MU |
| | ) |
| WASHINGTON COUNTY, ALABAMA, *et al.*, | ) |
| | ) |
|    Defendants. | ) |

## **PROTECTIVE ORDER**

This cause is before the Court on Defendants' Unopposed Motion for Protective Order. (Doc. 79). The Court, having reviewed the motion and the proposed protective order, which limits the disclosure of information and categories of information designated as confidential, finds that a protective order is appropriate in this matter, but also finds that some of the provisions of the proposed order may violate this Court's Local Rules and procedures and/or the Scheduling Order entered in this case, particularly Paragraphs 7 and 8.

"[T]he judge is the primary representative of the public interest in the judicial process and is duty-bound therefore to review any request to seal the record (or part of it). He may not rubber stamp a stipulation to seal the record." *Citizens First Nat'l Bank of Princeton v. Cincinnati Ins. Co.*, 178 F.3d 943, 945 (7th Cir. 1999) (citations omitted). Thus, because the court is obligated to protect the public's right to access judicial records, it is not bound by the parties' stipulation to seal the documentary record. *See, e.g., Romero v. Drummond Co.*, 480 F.3d 1234, 1247 (11th Cir. 2007) ("[T]hat both parties want

1

to seal court documents 'is immaterial' to the public right of access.") (quoting *Brown v. Advantage Eng'g, Inc.*, 960 F.2d 1013, 1016 (11th Cir. 1992)). For example, attachments to pretrial motions which require judicial resolution on the merits are subject to the common law right of access to judicial proceedings. *See Chicago Tribune v. Bridgestone/Firestone, Inc.*, 263 F.3d 1304, 1311 (11th Cir. 2001). One may only overcome the common-law right by a showing of good cause. *Romero*, 480 F.3d at 1246. The good cause "standard requires the district court to balance the party's interest in obtaining access against the other party's interest in keeping the information confidential." *Chicago Tribune*, 263 F.3d at 1313. The Southern District of Alabama has a rule applicable to sealed documents which furthers this principle. *See* S.D. Ala. Gen. LR 5.2.

Accordingly, the Court has amended paragraph 7 to bring it into compliance with the Federal Rules of Civil Procedure, this Court's Local Rules, Eleventh Circuit law, and this Court's procedures for hearings and trial by requiring a motion to seal documents be filed.

With regard to Paragraph 8, it has been amended to include the requirement for a pre-motion discovery mediation prior to the filing of a motion challenging the designation of Confidential Information. (Doc. 46 at ¶ 11.b.).

Defendants' Unopposed Motion for Protective Order (Doc. 79) is **GRANTED,** and the Protective Order is hereby entered, **as amended**:

## PROTECTIVE ORDER

1. **Scope.** All information produced or disclosed in the course of discovery, whether revealed in a document, deposition, other testimony, discovery response, or otherwise, shall be subject to this Protective Order concerning

confidential information as defined below.

2. **Confidential Information.** As used in this Protective Order, "Confidential Information" means information constituting, disclosing, or reflecting (i) safety sensitive relating to the Jail and to one or more inmates, information related to security of jail, or personal information of Jail staff and inmates, the disclosure of which the designating party believes in good faith would be detrimental to legitimate interests of the Jail or other inmates, or (ii) information required by law or agreement to be kept confidential. Information or documents that are available to the public may not be designated as Confidential Information. Any information derived from Confidential Information also constitutes Confidential Information to the extent the derived information embodies, contains, or discloses any Confidential Information.

3. **Designation.** A party may designate a document as Confidential Information for protection under this Protective Order by placing or affixing the words "CONFIDENTIAL" on the document and on all copies in a manner that will not interfere with the legibility of the document. The marking "CONFIDENTIAL" shall be applied no later than the time the documents are produced or disclosed.

4. **Depositions.** Any party may designate the portion of a deposition transcript (including exhibits) that contains Confidential Information with a statement to that effect on the record during the course of the deposition. Counsel for a party may so advise the reporter. Moreover, within 30 days after counsel's receipt of the final transcript of a deposition, counsel for a party is permitted to designate in good faith those portions of that deposition transcript containing Confidential Information as being such by identifying the page and line numbers containing Confidential

Information. All parties shall treat deposition transcripts containing information designated Confidential until the time period for designating Confidential Information has passed pursuant to this paragraph.

    5. **Protection of Confidential Material.**

        (a) **Limited third party disclosures.** The parties and counsel for the parties shall not disclose or permit the disclosure of any Confidential Information designated as "CONFIDENTIAL" to any third person or entity except as set forth in subparagraphs (1)-(8). Subject to these requirements, Confidential Information may be disclosed to the following categories of persons:

(1)     **Counsel.** Counsel for the parties and employees of counsel who have responsibility for the preparation and trial of the action;

(2)     **Parties.** Individual parties subject to the provisions of 5(b), commission members, and employees of a party;

(3)     **The Court and its personnel.**

(4)     **Court reporters and recorders**. Court reporters and recorders engaged for depositions and hearings;

(5)     **Contractors.** Those persons specifically engaged for the limited purpose of making copies of documents or organizing or processing documents;

(6)     **Consultants, investigators, and experts.** Consultants, investigators, and experts employed by the parties or counsel for the parties to assist in the preparation and trial of this action. (Such persons shall complete the certification contained in Attachment A, Acknowledgment of Understanding and Agreement to Be Bound);

(7) **Witnesses at depositions.** During their depositions, witnesses to whom counsel deems disclosure of Confidential Information to be necessary in order to obtain testimony; and

(8) **Others by consent.** Other persons only by written consent of the producing party or upon order of the Court and on such conditions as may be agreed or ordered.

(b) **Disclosure to current or former inmates of the Washington County Jail (including parties).** The parties recognize that certain Confidential Information contains sensitive information concerning the safety and security of the Jail and its inmates as well as personal information of staff and inmates as well as protected health information of inmates. Counsel for Plaintiffs agree not to disclose Confidential Information to the Plaintiffs or other current or former inmates of the Washington County Jail without the prior written permission of Defense Counsel

(c) **Control of Confidential Information.** Counsel for the parties shall make reasonable efforts to prevent unauthorized or inadvertent disclosure of Confidential Information.

6. **Inadvertent Failure to Designate.** Inadvertent failure to designate Confidential Information as "Confidential" may be corrected by providing supplemental written notice within thirty (30) days of the production of the documents. As soon as the receiving party is made aware of the inadvertent failure to designate Confidential Information as "Confidential" by receipt of the supplemental written notice, the documents or information must be treated as though they had been timely designated as Confidential Information under this Protective Order, and the receiving party must

endeavor in good faith to obtain all copies of the documents that it distributed or disclosed to persons who are not authorized by paragraph 5(a). If the receiving party does not obtain the return of all such documents or information, it shall inform the designating party of those to whom the Confidential Information has been disclosed, and the designating party may undertake to obtain the return of the Confidential Information.

7. **Filing of Confidential Information.** If a party wishes to use any Confidential Information or any papers containing or making reference to such Confidential Information in any pleadings, affidavits, briefs, memoranda of law, or other papers filed in Court in this litigation, then such pleading or document shall be redacted to conceal the Confidential Information or, alternatively, if any party wishes to file under seal any Designated Confidential Information in any affidavits, briefs, memoranda of law, or other papers filed in Court in this litigation, the Party must strictly comply with all requirements set forth in General L.R. 5.2 of the Local Rules of the United States District Court for the Southern District of Alabama.

8. **Challenges by a Party to Designation as Confidential Information.** The designation of any material or document as Confidential Information, including by supplemental written notice, is subject to challenge by any party. The following procedure shall apply to any such challenge:

(a) **Meet and Confer.** A party challenging the designation of Confidential Information must begin the process by conferring with counsel for the designating party. In conferring, the challenging party must explain the basis for its belief that the confidentiality designation was not proper and must give the designating party an

6

opportunity to review the designated material, to reconsider the designation, and, if no change in designation is offered, to explain the basis for the designation. The designating party must respond to the challenge within seven (7) business days.

(b) **Motion Practice.** A party that elects to challenge a confidentiality designation must follow the procedure set forth in Paragraph 11.b. of the Scheduling Order (Doc. 46) prior to filing a motion challenging a confidentiality designation. If the pre-motion mediation is not successful, the party may file and serve a motion that identifies the challenged material and sets forth in detail the basis for the challenge. The movant must comply with the meet and confer requirements set forth in subsection (a), immediately above, prior to filing a such a motion. In any such challenge proceeding, the burden of proof shall be on the designating party. Until the Court rules on the challenge, all parties shall continue to treat the materials as Confidential Information under the terms of this Protective Order.

9. **Use of Confidential Information at Trial.** Nothing in this Protective Order shall be construed to affect the admissibility of any document, material, or information at any hearing or trial.

10. **Confidential Information Subpoenaed or Ordered Produced in Other Litigation.**

(a) If a receiving party is served with a subpoena or an order issued in other litigation that would compel disclosure of any material or document designated in this action as Confidential Information, the receiving party must so notify the designating party, in writing, immediately and in no event more than five (5) court days after receiving the subpoena or order. Such notification must include a copy of

the subpoena or court order.

  (b)  No more than five (5) court days after receiving the subpoena or order, the receiving party also must inform in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is the subject of this Protective Order. In addition, the receiving party must deliver a copy of this Protective Order promptly to the party in the other action that caused the subpoena to issue.

  11.  **Obligations on Conclusion of Litigation.**

  (a)  Unless otherwise agreed or ordered, this Protective Order shall remain in force after dismissal or entry of final judgment not subject to further appeal.

  (b)  Unless otherwise ordered or agreed to in writing, within forty- five (45) days after the final termination of this litigation by settlement or exhaustion of all appeals, all parties in receipt of Confidential Information shall use reasonable efforts to either return such materials and copies thereof (including, without limitation, copies provided to testifying or consulting experts) to the producing party or destroy such Confidential Information. This Protective Order expressly does not require the receiving party's return or destruction of Confidential Information from (i) disaster recovery or business continuity backups, (ii) data stored in system-generated temporary folders or near-line storage, (iii) unstructured departed employee data, and/or (iv) material that is subject to legal hold obligations or commingled with other such material. Counsel for the parties shall be entitled to retain copies of court papers (and exhibits thereto), correspondence, pleadings, deposition and trial transcripts (and exhibits thereto), legal memoranda, expert reports and attorney work product that

contain or refer to Confidential Information, provided that such counsel and employees of such counsel shall not disclose such Confidential Information to any person except pursuant to court order. Nothing shall be interpreted in a manner that would violate any applicable canons of ethics or codes of professional responsibility.

12. **Attorney-Client Privilege and Work Product Protections.** If information that is subject to a claim of privilege or of protection as trial- preparation material is disclosed in discovery, the party making the claim of privilege may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has and may not use or disclose the information until the claim is resolved. Nothing in this paragraph shall prevent the receiving party from challenging the propriety of the attorney- client privilege or work product immunity or other applicable privilege or immunity designation by submitting a written challenge to the Court, although the parties must meet and confer prior to such challenge, and all parties agree not to argue that disclosure itself constitutes a waiver of any applicable privilege or protection.

13. **Persons Bound.** This Protective Order shall take effect when entered and shall be binding upon all counsel of record and their law firms, the parties, and persons made subject to this order by its terms. Unless otherwise agreed in writing by the parties or ordered by this Court, this Protective Order shall remain in effect after the final resolution of this dispute by any means, and this Court shall retain jurisdiction

to enforce this Protective Order.

**DONE** and **ORDERED** this the **6th** day of **October, 2023**.

s/P. BRADLEY MURRAY
**UNITED STATES MAGISTRATE JUDGE**

**EXHIBIT A**

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION**

| | | |
|---|---|---|
| TONY GENE LANG, *et al.*, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | Civ. A. No. 22-0057-JB-MU |
| | ) | |
| WASHINGTON COUNTY, ALABAMA, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**AKNOWLEDGEMENT OF UNDERSTANDING AND
AGREEMENT TO BE BOUND**

The undersigned hereby acknowledges that he/she has read the Protective Order entered in this case on October 6, 2023, understands the terms thereof, agrees to abide by its terms and conditions, and hereby agrees to be subject to the personal jurisdiction of the Court for the purpose of enforcement of this Protective Order.

Dated: _____

Signature: _____

Printed Name: _____

Address: _____

Law Firm: _____